IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sean Beck,

       Plaintiff,

      v.                              Case No. 2:10-cv-886

Zanesville Police Department,       Magistrate Judge Kemp

      Defendant.

ORDER

     This case, alleging a violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq., is before the Court on several related motions.  Plaintiff Sean Beck has filed a motion for default judgment and a motion to join the City of Zanesville as a party.  Defendant Zanesville Police Department has filed a motion to dismiss and a motion for leave to move or plead instanter.  Mr. Beck has filed a response to the motion to dismiss and the Zanesville Police Department has filed a response to the motion for default judgment.  No other responses or any replies have been filed and the time for doing so has passed. Consequently, all pending motions are now ripe for decision.  The Court will resolve these motions as set forth below.

I.  Background

     The complaint contains the following allegations.  Mr. Beck was a City of Zanesville police officer from August, 2003, to October, 2007.  See Complaint Doc. #2, ¶8.  In March, 2005, he inquired about the possibility of establishing a canine unit in the police department.  Id. at ¶9.  The police department authorized Mr. Beck to start a canine program.  Id. at ¶11.  Mr. Beck raised the money to purchase the dog and trained the dog himself.  Id. at ¶¶12, 13.  He  spent 1017 overtime hours training and caring for the dog.  Id. at ¶¶14, 15.  Further, Mr. Beck spent his own funds caring for the dog.  Id. at ¶16.  Mr.

Beck asserts that he is owed more than $50,000 for his overtime hours relating to the dog and that he has not been compensated by the police department.  Id. at ¶¶17, 18.  Based on these allegations, Mr. Beck seeks a declaration that the police department willfully violated the FLSA as well as an award of monetary damages.

## II.  The Motion for Default Judgment and the Motion for Leave to Plead

According to the Court's docket, the police department was served with the summons and complaint on November 24, 2010, and its answer was due on December 15, 2010.  The police department did not move or plead in response to the complaint by this date. As a result, on December 20, 2010, Mr. Beck moved for a default judgment.  On December 22, 2010, the police department filed a motion to dismiss.  On December 27, 2010, the police department filed a motion for leave to move or plead instanter asserting excusable neglect arising from its uncertainty of the time period for responding to the complaint.  On that same date, the police department filed a response to the motion for default judgment.

Initially, the Court notes that Mr. Beck did not move for an entry of default pursuant to Fed. R.Civ.P. 55(a) prior to moving for a default judgment.  This fact alone requires the denial of his motion for a default judgment.  See Rose v. Elias, 2008 WL 341993 (S.D. Ohio February 7, 2008) (Frost, J.).  Further, as discussed below, the Zanesville Police Department is not an entity which is subject to suit, and the Court should not enter a default judgment on the basis of a complaint which does not state a viable claim for relief.  Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010); see also Walls v. City of Detroit, 1993 WL 158498 (6th Cir. May 14, 1993).  Additionally, Mr. Beck has not opposed the motion for leave.  Consequently, the motion for leave to move or plead will be granted and the motion to dismiss will

-2-

be deemed filed as of December 27, 2010.  For the same reasons, the motion for default judgment will be denied.

      III.  <u>The Motion to Dismiss and the Motion to Join</u>

      In its very succinct motion to dismiss, the police department contends that it is a department of the City of Zanesville, and, therefore is not a legal entity capable of being sued.  Prior to responding to the motion to dismiss, Mr. Beck filed a motion to join the City of Zanesville as a defendant pursuant to Fed.R.Civ.P. 19.  In his response to the motion to dismiss, Mr. Beck refers to his motion to join and contends that, if it is granted, he "would have to make slight amendments to the complaint and serve a copy on the Mayor.  The action could then proceed with the proper parties and an adjudication on the merits could be made."  (Response to Motion to Dismiss, Doc. #12,  p.2). In essence, he argues that even if the police department is not capable of being sued - and his response does not address the merits of this question - rather than dismiss the case, the Court should simply drop the police department as a party and allow the case to proceed against the city itself.  The police department, which is represented by the Office of the Law Director from the City of Zanesville, has not opposed this action.

      There is no question that "the Police Department of the City of Zanesville is not a juridical entity subject to suit under Ohio law."  <u>Tysinger v. Police Dept. of City of Zanesville</u>, 463 F.3d 569, 572 (6th Cir. 2006) (internal citations omitted). Rather, "the police department is a subdivision of a municipal corporation, the City of Zanesville, which is subject to suit. R.C. §715.01."  <u>Id</u>.; <u>see</u> <u>also</u> <u>Johari v. City of Columbus Police Dept.</u>, 186 F.Supp.2d 821, 825 (S.D. Ohio 2002) (police department lacks the capacity to be sued because it "is an administrative vehicle by which the city operates and performs its functions"). Consequently, the police department's motion to be dismissed as a

party will be granted.

However, as noted above, Mr. Beck has expressed his desire to name the City of Zanesville as a defendant. Mr. Beck could have amended his complaint as a matter of course within 21 days after the service of the motion to dismiss as provided for in Fed.R.Civ.P. 15(a)(1)(B) had he wished to add the city as a defendant. Instead, Mr. Beck filed his motion for joinder under Fed.R.Civ.P. 19. Because the 21-day period for amending as a matter of course has lapsed, in order for Mr. Beck to amend his complaint at this point, leave of Court is required. In light of this, the Court will construe Mr. Beck's motion for joinder as a motion for leave to amend under Rule 15(a).

Mr. Beck will be granted leave to amend his complaint to name the City of Zanesville as a defendant. Such a result is preferred under these circumstances. See Brown v. Matauszak, 2011 WL 285251, at *6 (6th Cir. Jan. 31, 2011); see also PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 698 (6th Cir. 2004) ("When a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend."); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §1483 (3d ed. 2010) ("[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend"). That is especially so where, as here, the case is still in its early stages, no substantial proceedings have occurred, and there is no apparent prejudice to any party if leave to amend is granted. See, e.g., Budd Co. v. Travelers Indemn. Co., 820 F.2d 787, 791-92 (6th Cir. 1987).

## IV. Conclusion

Based on the foregoing, the plaintiff's motion for default judgment (Doc. #7) is denied. Further, the defendant's motion

-4-

for leave to move or plead instanter (Doc. #9) and motion to dismiss (Doc. #8) are granted. The Zanesville Police Department is dismissed as a party to this case. The plaintiff's motion for joinder, construed as a motion for leave to amend (Doc. #11), is granted. The plaintiff shall file an amended complaint within seven days which names the City of Zanesville as a defendant.

/s/ Terence P. Kemp
United States Magistrate Judge