```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Sean Beck,

    Plaintiff,

  v.                                  Case No. 2:10-cv-886

Zanesville Police Department,      Magistrate Judge Kemp

    Defendant.

## OPINION AND ORDER

This case, alleging a violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201 et seq., is before the Court on a motion for summary judgment filed by defendant the City of Zanesville.  (Doc. 49).  Mr. Beck has filed a response to the motion for summary judgment.  (Doc. 54).  The City of Zanesville has not filed a reply, and the time for doing so has passed.  Consequently, the motion for summary judgment is ripe for decision.  For the reasons set forth below, the motion will be granted because this action is barred by the applicable statute of limitations.

### I.  Background

Mr. Beck sets forth the following allegations in the amended complaint.  Mr. Beck was a City of Zanesville police officer from August, 2003, to October, 2007.  In March, 2005, he inquired about the possibility of establishing a canine unit in the police department.  The police department authorized Mr. Beck to start a canine program.  Mr. Beck raised the money to purchase the dog and trained the dog himself.  He spent 1017 overtime hours training and caring for the dog.  Further, Mr. Beck spent his own funds caring for the dog.  Mr. Beck asserts that the City of Zanesville owes him more than $50,000 for his overtime hours relating to the dog.  Based upon these allegations, Mr. Beck

seeks a declaration that the police department willfully violated the FLSA as well as an award of monetary damages.

## II. Standard of Review

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). "[I]f the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted." Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 150 (6th Cir. 1995)(citation omitted). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding

party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion must be decided.

### III. Discussion

The statute of limitations for FLSA claims is as follows:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for ... unpaid overtime compensation, ... (a) if the cause of action accrues on or after May 14, 1947 – may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued ...

29 U.S.C. §255.  The City of Zanesville argues that Mr. Beck cannot establish that it acted willfully and, consequently, the two-year statute of limitations applies.  The City of Zanesville further alleges because Mr. Beck failed to bring this case before the two-year statute of limitations expired, it is entitled to summary judgment.  Alternatively, the City of Zanesville argues that it is entitled to summary judgment even if the three-year statute of limitations applies because Mr. Beck also failed to bring this case within three years after his cause of action accrued.

In his response to the motion for summary judgment, Mr. Beck does not dispute that he failed to file the instant case within the two-year statute of limitations.  Rather, Mr. Beck contends that the three-year statute of limitations applies because the City of Zanesville acted willfully.  Mr. Beck asserts that, because he filed this case prior to the expiration of the three-year statute of limitations, the City of Zanesville is not entitled to summary judgment.

In order to establish wilfulness, the plaintiff must

-3-

demonstrate that the employer knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.  McLaughlin v. Richland Shoe Co., 486 U.S. 128, 128 (1988), citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111 (1985).  "For example, the Sixth Circuit has found that an employer's violation was willful where the employer 'had actual notice of the requirements of the FLSA by virtue of earlier violations, his agreement to pay unpaid overtime wages, and his assurance of future compliance with the FLSA.'"  Claeys v. Gandalf, Ltd., 303 F. Supp.2d 890, 893 (S.D. Ohio Jan. 23, 2004) (Marbley, J.), quoting Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 967 (6th Cir. 1991).  Minimally, there must be a showing that the employer acted recklessly, as opposed to unreasonably.  See id., citing McLaughlin, 486 U.S. at 135, n.13.  It is the employee's burden to show that the employer committed a willful violation.  Id. at 133; see also Perez v. Mountaire Farms, Inc., 650 F.3d 350, 375 (4th Cir. 2014).

    Mr. Beck contends that the City of Zanesville's actions were willful because it was sued previously for the same violation, and, thus, it had notice as to the relevant FLSA requirements.  In support of this contention, Mr. Beck attaches the deposition of Jon Booth, a former Zanesville Police Department employee who sued the City of Zanesville related to the use of a canine unit.  During his deposition, Mr. Booth testified that the lawsuit was settled out of court for expenses related to the dog.  He also testified that the lawsuit was unrelated to overtime compensation.  The relevant testimony states:

    Q.    Okay.  So the basis of your suit was actually the expenses that you put into the dog?

    A.    Yes.

    Q.    Okay.  And it wasn't necessarily related to overtime?

    A.    It wasn't related to what?

    Q.    To overtime or any –

    A.    No.

    Q.    – pay issue.

    A.    No.

(Doc. 54, Ex. 2 at 8-9). Although Mr. Booth testified that the City of Zanesville paid him "four hours of overtime a pay," his testimony makes clear that the previous lawsuit related to the dog's expenses and not, as in this case, unpaid overtime compensation. Id. at 8. Further, there is no indication Mr. Booth's lawsuit was brought under the FLSA. Accordingly, Mr. Beck's contention that the previous lawsuit put the City of Zanesville on notice as to the relevant FLSA requirements is unsupported by the record. For these reasons, Mr. Beck has failed to demonstrate through the evidence he presented that the City of Zanesville knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

    Mr. Beck has offered no other argument in support of his claim that any violation of the FLSA which occurred in this case was willful, and it is not the Court's responsibility to make those arguments for him. There is a substantial body of case law supporting the proposition that caring for a police dog during an officer's off-duty time is "work" within the meaning of the FLSA, see, e.g., Brock v. City of Cincinnati, 236 F.3d 793 (6th Cir. 2001), but the case law also indicates that the extent of such work is a fact-specific inquiry and in some cases may be de minimis. That being so, without any further argument from Mr. Beck, or any additional evidence, the Court cannot conclude that he has met his burden of coming forward with evidence showing that there is a genuine factual dispute about whether any

violation was willful.  Therefore, the two-year statute of limitations applies.

     Mr. Beck last performed work as a City of Zanesville employee on September 30, 2007, tendered his resignation on October 15, 2007, and filed this lawsuit on October 1, 2010. Consequently, Mr. Beck failed to commence this lawsuit within two years after the cause of action accrued, and it is barred by the applicable statute of limitations.  For these reasons, the City of Zanesville's motion for summary judgment will be granted. (Doc. 49).

## IV. Conclusion

     Based upon the foregoing, the City of Zanesville's motion for summary judgment is granted (Doc. 49), and the Clerk is directed to enter judgment in favor of the defendant.

                                      /s/ Terence P. Kemp
                                      United States Magistrate Judge